[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM
This action concerns a balance due the plaintiff for electrical work on a house being built by the defendant. There is no question but that in early August, 1988, the plaintiff made a detailed proposal (plaintiff's 1) to do the work at a price of $3,800, that this proposal was accepted by the defendant that the plaintiff promptly commenced work, and has been paid $2,000 on account. The matters in dispute concern extras, credit for work not done, and a rather belated claim by the defendant that certain work was done improperly and more work was left undone than the plaintiff gave credit for. The testimony as to the disputed items is very much in contention.
By job work order #1567, plaintiff's #5, and by letter of May 1, 1989, defendant's #1, the plaintiff conceded that a credit of $260 should be given for work not done. By job work order #1568, CT Page 2574 plaintiff's #4, he claimed extras totaling $995. Defendant conceded $635 of this in his testimony. Admittedly this concession on the stand differs from his claim that the amount should be only $275 set forth in his letter of April 26, 1989, plaintiff's #2, but I accept his sworn testimony as more credible. Further, my comparison of the extras listed in that job work order with the items listed in the proposal essentially agrees with his oral concession.
I cannot give any degree of credence to the defendant's claim of improper workmanship. First all, most of his claims would have been apparent at the time of the preliminary inspection by the building inspector, who is himself an electrician, on October 4, 1988, but only two minor discrepancies were found at that time and they were remedied by the time of reinspection on October 12. Also, no claim of defective work was made in defendant's letter of April 16, 1989, plaintiff's #2, although the plaintiff had ceased work prior to that time, and in fact no such claim was made until the trial on June 19, 1990. Finally, the defendant testified that he estimated it would cost between $600 and $1,200 to complete the work and correct defects but there was absolutely no evidence that anyone had been hired for this purpose and if so, what was the cost. Nevertheless, by the time of trial, a Certificate of Occupancy had been issued and the house sold, so it must have passed final inspection.
I therefor conclude that the principal balance due the plaintiff is computed as follows:
 Proposal $3,800.00 Conceded extras 635.00 $4,435.00 Credits $ 260.00 Payment $2,000.00 — 2,260.00 Principal Balance $2,175.00
Further, the proposal contained provisions for interest on unpaid balances at the rate of 1-1/2% per month, and also for costs or collection including a reasonable attorney's fee. When the balance became payable can only be determined by the plaintiff's letter of May 7, 1989, defendant's #1. My calculation is that interest has accrued in the amount of $522 and that a reasonable attorney's fee is 15% or $405.
For various reasons a considerable period of time elapsed between the first hearing on June 19 and the final hearing on October 9. Because of that lengthy hiatus I did not feel it appropriate to rely solely on my notes and memory, so I arranged to listen to the entire tape recording of the first hearing. CT Page 2575
In accordance with the foregoing, judgment may enter for the plaintiff in the amount of $3,102 which includes interest of $522 and an attorney's fee of $405, costs to be taxed.
J. HEALEY, STR.